972 So.2d 900 (2007)
Cedric J. MITCHELL, Appellant,
v.
The SCHOOL BOARD OF MIAMI-DADE COUNTY, Florida, Appellee.
No. 3D07-1521.
District Court of Appeal of Florida, Third District.
November 7, 2007.
Rehearing and Rehearing Denied February 7, 2008.
Lawrence R. Metsch, Miami, for appellant.
Jean Marie Middleton, for appellee.
Before COPE and WELLS, JJ., and FLETCHER, Senior Judge.
Rehearing and Rehearing En Banc Denied February 7, 2008.
PER CURIAM.
Cedric J. Mitchell appeals from a final order of The School Board of Miami-Dade County which adopted the recommended order of the Administrative Law Judge (ALJ) terminating Mitchell's employment. We affirm.
Mitchell was one of a number of teachers who obtained academic credits for courses from Eastern Oklahoma State College for which he did no work.[1] He used these credits to obtain his teacher certification.
After discovery of the fraudulent transcripts, Mitchell was suspended from his teaching position and termination proceedings were initiated. Mitchell requested a hearing before the Department of Administrative Hearings. The ALJ recommended termination. The School Board adopted the ALJ's findings of fact, conclusions of law and recommendations in its final order. Mitchell appeals.
Mitchell argues that this Court should require the School Board to promulgate disciplinary guidelines establishing ranges of permissible punishments to be visited *901 upon the School Board's employees for specified infractions. He states that a few months before his termination, the School Board suspended (rather than terminated) another teacher for a similar infraction. Sch. Bd. of Miami-Dade County v. Nappier, 2006 WL 2826969 (DOAH Case No. 06-1755) (Recommended Order Sept. 29, 2006). The School Board argues that there were distinguishing factors in the Nappier case. Mitchell acknowledges that the Nappier case does not bind the School Board to impose the same discipline in his case, but contends that the absence of guidelines allows inconsistent results to occur in disciplinary cases.
We reject Mitchell's argument because there is no statutory requirement for the School Board to promulgate guidelines, although the School Board is free to do so if it chooses.[2] By statute, instructional staff may be dismissed for just cause. § 1012.33(1)(a), Fla. Stat. (2003). "Just cause includes, but is not limited to, the following instances, as defined by rule of the State Board of Education: misconduct in office, incompetency, gross insubordination, willful neglect of duty, or conviction of a crime involving moral turpitude." Id. The ALJ found that the conduct involved here fell within the scope of the statute, id., and implementing regulations. See Fla. Admin. Code R. 6B-1.001 (Code of Ethics of the Education Profession in Florida) and R. 6B-1.006 (Principles of Professional Conduct for the Education Profession in Florida).
Because the discipline imposed was authorized by the applicable statute, the order now before us is affirmed.
NOTES
[1] The School Board learned of the enterprise being run by a School Board employee through a 2005 Grand Jury report on teachers who were obtaining college credits without performing any academic work.
[2] The parties agree that this case does not involve any collective bargaining agreement.